1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMI KARIMI, | ) Case No.: 11-CV-00926-LHK |
| Plaintiff, | ) |
| | ) ORDER GRANTING MOTION TO |
| v. | ) DISMISS WITH LEAVE TO AMEND |
| | ) |
| GMAC MORTGAGE; ETS SERVICES, LLC; | ) |
| and DOES 1-100, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Before the Court is Defendants GMAC Mortgage, LLC's ("GMAC") and Executive Trustee Services, LLC's ("ETS") Motion to Dismiss Plaintiff's Complaint. Dkt. No. 15 ("Mot."); *see also* Dkt. No. 20 ("Reply"). Plaintiff opposes this motion. Dkt. No. 19 ("Opp'n"). Pursuant to Civil Local Rule 7–1(b), the Court deems this motion suitable for disposition without oral argument. Therefore, the hearing and Case Management Conference set for August, 4, 2011, are VACATED. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**I.   Background**

1

**A.  Defendants' Request for Judicial Notice**

Because this is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 282 (N.D. Cal. 2011) (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996)).  As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion. *Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, a court may take judicial notice of matters of public record outside the pleadings. *Id.* at 689.  In this case, Defendants request judicial notice of four documents recorded with the Santa Clara County Recorder's Office in connection with Plaintiff's mortgage.  Dkt. No. 16, Request for Judicial Notice ("RJN"), at 2 & Exs. A-D.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The Court concludes that the public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.*, No. C 10-01645, 2010 WL 2836823, at *2 (N.D. Cal. 2010) (taking judicial notice of nearly identical documents).  Accordingly, the Court GRANTS Defendants' request for judicial notice.

**B.  Factual and Procedural Background**

In December 2006, Plaintiff Rami Karimi refinanced his home in Los Gatos, California, by entering into a mortgage with GreenPoint Mortgage for $1,032,000.  Complaint ("Compl."), attached as Ex. 1 to Dkt. No. 1, Notice of Removal, at ¶ 9; Deed of Trust, RJN Ex. A, at 2.  The Deed of Trust named Marin Conveyancing Corp. as the original trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.  Deed of Trust, at 2.  The mortgage was later transferred to GMAC.  Compl. ¶ 9.  Plaintiff subsequently encountered financial trouble which made it difficult for him to keep up with his mortgage payments.  Compl. ¶ 10.  In January 2010, Plaintiff contacted GMAC to apply for a loan modification.  Compl. ¶ 11.  GMAC denied this first application in February 2010 but advised Plaintiff that GMAC would continue to review Plaintiff's

2

United States District Court
For the Northern District of California

1    loan for other possible modifications.  Compl. ¶ 12.  Plaintiff considered a short sale of his home,

2    but instead reapplied for a loan modification at GMAC's invitation.  Compl. ¶ 15.  He continued to

3    supply GMAC with information and documents in support of this loan modification application

4    through January 3, 2011, complying with all application deadlines set by GMAC.  Compl. ¶¶ 17-

5    18.

6         On June 25, 2010, ETS, acting as agent for MERS, recorded a Notice of Default on

7    Plaintiff's mortgage with the Santa Clara County Recorder's Office.  Notice of Default, RJN Ex. C,

8    at 1.  MERS then appointed ETS as substitute trustee on October 15, 2010.  Substitution of Trustee,

9    RJN Ex. B, at 1.  On October 19, 2010, ETS noticed a Trustee's Sale of the property, set to occur

10   on November 18, 2010.  Notice of Trustee's Sale, RJN Ex. D, at 1.

11        Plaintiff initially filed this case on January 13, 2011, in the Superior Court of California,

12   County of Santa Clara, against Defendants GMAC, ETS, and 100 Doe defendants.  Notice of

13   Removal, at 2.  Defendants removed the case to federal court on February 28, 2011.  *Id.*  Plaintiff's

14   Complaint asserts seven claims for relief under California law: (1) declaratory relief; (2) wrongful

15   foreclosure; (3) breach of the covenant of good faith and fair dealing; (4) breach of fiduciary duty;

16   (5) negligence; (6) negligent infliction of emotional distress; and (7) quiet title.  Compl. 3-6.  The

17   Court considers the state law claims pursuant to its diversity jurisdiction.  28 U.S.C. § 1332.

18   Defendants now move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

19   **II.  Legal Standard**

20        A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

21   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

22   whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual

23   allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However,

24   the Court need not accept as true "allegations that contradict matters properly subject to judicial

25   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

26   unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

27   While a complaint need not allege detailed factual allegations, it "must contain sufficient factual

28   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at

3

United States District Court
For the Northern District of California

1    1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible

2    when it "allows the court to draw the reasonable inference that the defendant is liable for the

3    misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

4          If a court grants a motion to dismiss, leave to amend should be granted unless the pleading

5    "could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130

6    (9th Cir. 2000).

7          **A.  Analysis**

8          As discussed in detail below, the Court grants Defendants' motion to dismiss with respect

9    to the below causes of action with leave to amend.  Should Plaintiff choose to amend his Complaint

10   after reviewing this Order, he must cure all the deficiencies identified or risk dismissal of this

11   entire action with prejudice.

12         **1.  Breach of Fiduciary Duty**

13         Plaintiff alleges that Defendants owed Plaintiff a fiduciary duty of care which they

14   breached "by failing to adequately review his application and communicate with Plaintiff re [sic]

15   information or payments needed, or any repayment plan offered."  Compl. ¶ 32.  However, under

16   California law, lenders do not owe any fiduciary duty to borrowers.  "The relationship between a

17   lending institution and its borrower-client is not fiduciary in nature."  *Nymark v. Heart Fed. Sav.*

18   *and Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (Cal. Ct. App. 1991).  Plaintiff has not pled any

19   facts to establish any relationship between Plaintiff and Defendants beyond that of borrower and

20   lenders, nor has Plaintiff alleged any facts to establish a fiduciary duty owed to Plaintiff by any of

21   the Defendants.  Notably, Plaintiff failed to respond to Defendants' arguments that there is no

22   fiduciary relationship here.  *See* Opp'n 3-6.  Consequently, Plaintiff's claim for breach of fiduciary

23   duty is dismissed with leave to amend.

24         **2.  Negligence and Negligent Infliction of Emotional Distress**

25         Plaintiff alleges that Defendants were negligent for failure to process his loan modification

26   applications or to provide him with sufficient information regarding the loan modification process.

27   Compl. ¶ 36.  Plaintiff also alleges that "Defendants knew or should have know[n] that their failure

28   to exercise due care in the performance of their duties would cause plaintiff severe emotional

4

distress." Compl. ¶ 40. However, under California law, "there is no independent tort of negligent infliction of emotional distress." *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 818 (Cal. Ct. App. 2006). The claim for negligent infliction of emotional distress is instead treated as a type of negligence claim. *Id.*

A financial institution owes no duty of care to a borrower unless it "actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark*, 231 Cal. App. 3d at 1096 (quotations omitted). Because Plaintiff has not alleged that Defendants actively participated in his mortgage beyond lending him the money, he cannot state a negligence claim against GMAC. In addition, although a trustee under a deed of trust, such as ETS, may be subject to statutory requirements, trustees are not subject to a common law duty of care. *I. E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 287-88 (1985); *Heritage Oaks Partners v. First Am. Title Ins. Co.*, 155 Cal. App. 4th 339, 345 (Cal. Ct. App. 2007). Moreover, Plaintiff has failed to respond to Defendants' arguments that Defendants did not owe a duty of care to Plaintiff, and that absent a negligence claim, there can be no independent claim for negligent infliction of emotional distress. Thus, Plaintiff's negligence and negligent infliction of emotional distress claims against GMAC and ETS are dismissed with leave to amend.

### 3. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Defendant GMAC breached its implied duty of good faith and fair dealing by foreclosing on his property "despite Plaintiff's good faith attempts to modify his loan." Compl. ¶ 29. In support of this allegation, Plaintiff claims that he "reasonably relied to his detriment on GMAC's assurances that they would review his application(s) in good faith." Compl. ¶ 30.

Under California law, a claim for breach of the covenant of good faith and fair dealing requires that: (1) a contract exist between the parties; (2) the plaintiff performed his contractual duties or was excused from nonperformance; (3) the defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting; and (4) the plaintiff's damages resulted from the defendant's actions. *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d

5

822, 830 (1968); *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001); *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372–73 (1992)). "[T]he implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.'" *Carma Developers*, 2 Cal. 4th at 373 (quoting *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683-684 (1988)).

Plaintiff's Complaint fails to allege facts showing that GMAC deprived him of a benefit actually conferred by or contemplated in the contract, in violation of any reasonable expectation. The Complaint alleges no facts that create a reasonable inference that a loan modification was a benefit contemplated by his contract with GMAC, nor that GMAC would refrain from foreclosing on Plaintiff's property pending a review of his loan modification application. Plaintiff's claim of detrimental reliance similarly finds no factual support in the Complaint. Thus, Plaintiff's claim for breach of the covenant of good faith and fair dealing is dismissed with leave to amend.

### 4. Wrongful Foreclosure and Quiet Title

Plaintiff's second and seventh causes of action are for wrongful foreclosure and quiet title, respectively. Plaintiff bases his claim for wrongful foreclosure on Defendants' alleged "negligent or reckless conduct." Compl. ¶ 26. However, as previously explained, Defendants owed no duty of care to Plaintiff, and thus Plaintiff's claims of negligence are unsupported by the Complaint.

As for Plaintiff's claim for quiet title, under California law, a borrower may not assert quiet title against a mortgagee without first paying the outstanding debt on the property. *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (Cal. Ct. App. 1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.") (internal citation omitted). Plaintiff has not alleged that he has paid the outstanding debt on the Property. Therefore, the Court dismisses these claims with leave to amend.

### 5. Declaratory Relief

Plaintiff's allegations do not entitle him to declaratory relief. The Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such a declaration," but only if there is an actual controversy between the parties in the

6

court's jurisdiction.  28 U.S.C. § 2201(a).  Before granting declaratory relief, the Court must first find that an actual case or controversy within its jurisdiction exists.  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).  Plaintiff's claim for declaratory relief is based on the allegation that Defendants' foreclosure on Plaintiff's property is invalid.  *See* Compl. ¶ 22.  This allegation is duplicative of Plaintiff's other claims, which the Court has found lack merit.  Thus, Plaintiff has not sufficiently alleged an actual controversy that would entitle him to declaratory relief.  *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (dismissing declaratory judgment claim, where claim was duplicative of other invalid claims).  Plaintiff's first cause of action is therefore dismissed with leave to amend.

### III. Conclusion

The Court has found that Plaintiff's Complaint, as currently pled, fails to state a claim that entitles him to relief.  Accordingly, the Court GRANTS Defendants' motion to dismiss.  However, as Plaintiff may be able to amend some of his claims, the Court grants Plaintiff leave to amend his complaint.  If Plaintiff wishes to pursue this action, he must file a First Amended Complaint, addressing the deficiencies identified herein, within 21 days of this Order.  Plaintiff may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15.  If Plaintiff fails to file an amended complaint within 21 days of this Order, the action will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 2, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-00926-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND