**United States District Court**
For the Northern District of California

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMI KARIMI,<br><br>            Plaintiff,<br>      v.<br><br>GMAC MORTGAGE; ETS SERVICES, LLC; and DOES 1-100, inclusive,<br><br>            Defendants. | Case No.: 11-CV-00926-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND |

Before the Court is Defendants GMAC Mortgage, LLC ("GMAC") and Executive Trustee Services, LLC's ("ETS") Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 30 ("Mot."); *see also* ECF No. 36 ("Reply"). Plaintiff opposes this motion. ECF No. 34 ("Opp'n"). Pursuant to Civil Local Rule 7–1(b), the Court deems this motion suitable for disposition without oral argument. Therefore, the hearing on the motion set for December 1, 2011, is VACATED. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendants' motion to dismiss without leave to amend.

## I. Background

### A. Defendants' Request for Judicial Notice

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 282 (N.D. Cal. 2011) (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996)). As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion. *Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of matters of public record outside the pleadings. *Id.* at 689. In this case,

Defendants request judicial notice of four documents recorded with the Santa Clara County Recorder's Office in connection with Plaintiff's mortgage: (1) the Deed of Trust; (2) the Substitution of Trustee; (3) the Notice of Default and Election to Sell Under Deed of Trust; and (4) the Notice of Trustee's Sale. ECF No. 31, Request for Judicial Notice ("RJN"), at 2 & Exs. A-D.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court concludes that the public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Nguyen v. Bank of Am. Nat. Ass'n*, 11-CV-03318-LHK, 2011 WL 5574917, at *6 n.2 (N.D. Cal. Nov. 15, 2011) (taking judicial notice of nearly identical documents). Accordingly, the Court GRANTS Defendants' request for judicial notice.

### B. Factual and Procedural Background

Plaintiff filed the original complaint in this case on January 13, 2011, in the Superior Court of California, County of Santa Clara, against Defendants GMAC, ETS, and 100 Doe Defendants. Notice of Removal, ECF No. 1, at 2. Defendants removed the case to this Court on February 28, 2011, under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Plaintiff's original complaint asserted seven claims for relief under California law: (1) declaratory relief; (2) wrongful foreclosure; (3) breach of the covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) negligence; (6) negligent infliction of emotional distress; and (7) quiet title. Compl., ECF No. 1 Ex.1, at 3-6.

On August 2, 2011, the Court dismissed, with leave to amend, all of Plaintiff's claims as pled in the original complaint. ECF No. 27.

Plaintiff filed his First Amended Complaint "FAC" on August 23, 2011. ECF No. 29. The FAC contains only two claims for relief: (1) wrongful foreclosure; and (2) declaratory relief.

The FAC alleges that on or about December 8, 2006, Plaintiff refinanced his home in Los Gatos, California by entering into a mortgage loan transaction with GreenPoint Mortgage Funding,

Inc., ("GMF") for $1,032,000. *See* FAC ¶ 8; Deed of Trust, RJN Ex. A, at 2. The mortgage loan transaction consisted of a Note and a Deed of Trust ("DOT") securing the property. FAC ¶ 8.

The Deed of Trust named Marin Conveyancing Corp. as the original trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Deed of Trust, at 2. Although the original complaint alleged that the loan and/or servicing was later transferred to GMAC, Compl. ¶ 9, the FAC alleges that Plaintiff has "never been provided with any evidence that the full and unencumbered interest in the actual mortgage loan, neither the Note nor DOT, was ever transferred from the original lender to any person or entity." FAC ¶ 9.

On June 25, 2010, ETS, acting as agent for MERS, recorded a Notice of Default on Plaintiff's mortgage with the Santa Clara County Recorder's Office, stating that Plaintiff was $55,665.74 in arrears as of June 24, 2010. Notice of Default, RJN Ex. C, at 1-2. Plaintiff alleges that he never entered into any agreement of any kind, oral or written, with ETS, and that the Notice of Default does not state that ETS was the duly appointed trustee. FAC ¶¶ 12, 14. GMAC then appointed ETS as substitute trustee on October 15, 2010. Substitution of Trustee, RJN Ex. B, at 1. Plaintiff alleges that this substitution was in violation of the Deed of Trust, which only allowed the lender to appoint a successor trustee. FAC ¶ 16. Plaintiff also alleges that GMF securitized the subject loan in 2006. FAC ¶ 24. Plaintiff further alleges that he "has never been provided with any assignment or other documentation which demonstrate that GMAC or ETS acquired the full and unencumbered interest in the mortgage loan from the original lender; and had [sic] never been provided with evidence that anyone purchased or acquired the loan from the original lender; or that the original lender actually and physically transferred the loan to any person or entity; or that any of those entities actually took possession and ownership of the mortgage loan from any other entity." FAC ¶ 20.

On October 19, 2010, ETS noticed a Trustee's Sale of the property, set to occur on November 18, 2010. Notice of Trustee's Sale, RJN Ex. D, at 1. Plaintiff alleges that GMAC and ETS could not have assumed or acquired any ownership interest in either the Note or the Deed of Trust and therefore there is no evidence that the foreclosure was instituted by any party with the legal authority to do so. FAC ¶ 27.

3

Case No.: 11-CV-00926-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). However, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (same).

///

### A. Analysis

As discussed in detail below, the Court GRANTS Defendants' motion to dismiss with respect to all remaining claims. Because Plaintiff has already failed in two opportunities to properly plead a claim for wrongful foreclosure and declaratory relief, the dismissal is without leave to amend. *Abagninin*, 545 F.3d at 742.

#### 1. Wrongful Foreclosure

Plaintiff bases his claim for wrongful foreclosure on: (1) "the lack of evidence of any lawful transfer of either the Note or DOT from the original lender to any person or party"; (2) the "lack of any evidence of possession or ownership of either the Note or the DOT by any of the Defendants"; (3) the "Substitution(s) being fraudulent documents"; (4) the "Notice being a fraudulent document"; and (5) "the foreclosure was wrongfully instituted." FAC ¶ 28.

Plaintiff also alleges that "the fraudulent assignment of the DOT show [sic] that Defendants have no interest in the obligation and could not collect any money from Plaintiff; that the lender was some other entity, a securitized trust . . . , which is not any of these Defendants; as a result paying Defendants' [sic] would result in Plaintiff being held accountable for double liability since the Note remains or is in the possession of someone other than Defendants." FAC ¶ 38. Plaintiff also alleges that Defendants fraudulently "concealed that they never, at any time, received a properly endorsed and physical transfer of the Note from GMF" which resulted in a "fraudulent conveyance and wrongful foreclosure." FAC ¶ 40, 41.

The Court finds that Plaintiff fails to state a claim for wrongful foreclosure for the following reasons: (1) failure to plead fraud with particularity under Fed. R. Civ. P. 9(b); (2) the absence of a requirement under California law that an entity produce the Note in order to properly commence a non-judicial foreclosure proceeding; (3) failure to allege facts to conclude that the substitution of trustee was improper; (4) securitization of the loan does not provide a cause of action; and (5) failure to allege the ability to tender or offer to tender the amount of the secured debt. Each of these reasons, standing alone, is sufficient to dismiss Plaintiff's wrongful foreclosure claim. The Court discusses each reason in turn.

1     As an initial matter, Plaintiff fails to plead this wrongful foreclosure claim sounding in fraud with the requisite particularity. Fed. R. Civ. P. 9(b). Plaintiff does not allege *who* at GMAC or ETS concealed *what* information and *when*. Nor does Plaintiff allege *how* the substitution of trustee or notice of default are "fraudulent" documents besides stating so in conclusory fashion. Because these claims fail to allege "the who, what, when, where, and how of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation marks and citation omitted), they do not satisfy the heightened pleading requirement of Rule 9(b) and must be dismissed.

Second, to the extent Plaintiff is arguing that no Defendant can foreclose on the property without the original Note, this argument is contrary to California law. There is no "requirement under California law that the original note be produced to render the foreclosure proceedings valid." *Farner v. Countrywide Home Loans, Inc.*, No. C08–2193, 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009); *Neal v. Juarez*, No. C06–0055, 2007 WL 2140640, at *8 (E.D. Cal. July 23, 2007) (An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid."); *see also Hafiz v. Greenpoint Mortg. Funding*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . . Pursuant to section 2924(a)(1) of the California Civil Code the trustee of a Deed of Trust has the right to initiate the foreclosure process."). Under California Civil Code section 2924b(4), "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee" is authorized to record a notice of default or notice of sale. In the instant case, Plaintiff does not dispute that Defendant ETS, as agent of MERS, the original beneficiary of the Deed of Trust, recorded the Notice of Default. RJN Ex. C, at 2. Thus, Plaintiff's allegations that Defendants were not the original trustee or in possession of the Note are insufficient to plead a claim for wrongful foreclosure under California law.

Third, the Court also is not persuaded by Plaintiff's argument that GMAC did not have the authority to substitute ETS as the Trustee, as it was not the lender under the Deed of Trust, and that

6

consequently ETS did not have the authority to initiate the foreclosure. FAC ¶¶ 16-17 (noting that Deed of Trust stated that "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender. . . ."). Other courts interpreting identical language have held that another provision in the Deed of Trust giving MERS, as the lender's nominee, the power to "foreclose and sell the Property," RJN Ex. A, at 3, "extends to the lender's right to appoint a successor trustee." *See, e.g.*, *Pedersen v. Greenpoint Mortgage Funding, Inc.*, CIV S-11-0642-KJM, 2011 WL 3818560 (E.D. Cal. Aug. 29, 2011) ("In this case, as GreenPoint's agent, MERS can substitute a trustee or assign the beneficial interest under the deed"); *Foster v. SCME Mortg. Bankers, Inc.*, CIV2:10-518-WBSGGH, 2010 WL 1408108, at *4 (E.D. Cal. Apr. 7, 2010); *Labra v. Cal-W. Reconveyance Corp.*, C 09-2537 PJH, 2010 WL 889537 (N.D. Cal. Mar. 11, 2010). As stated above, Plaintiff does not dispute that Defendant ETS, as agent of MERS, recorded the Notice of Default. RJN Ex. C, at 2. Nor does Plaintiff deny that GMAC was assigned the Deed of Trust from Greenpoint Mortgage Funding, the original lender. Opp'n 5-6, 9. Moreover, the original complaint alleged that the "loan and/or servicing" was transferred to GMAC. Compl. ¶ 9. Thus, Plaintiff has failed to properly allege under California law that the substitution of trustee was improper and that neither Defendant had the authority to initiate the foreclosure proceedings.

Fourth, to the extent that Plaintiff's wrongful foreclosure claim is premised on the alleged securitization of the loan, "courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action." *Nguyen v. Bank of Am. Ass'n,* 2011 WL 5574917, at *9 (quoting *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011); citing *Reyes v. GMAC Mortgage LLC*, No. C 11–0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011)).

Finally, under a claim for wrongful foreclosure, a plaintiff must allege a credible tender of the amount of the secured debt to maintain any cause of action. *Roque v. Suntrust Mortg., Inc*., No. C–09–00040 RMW, 2010 WL 546896, at *4 (N.D. Cal. Feb.10, 2010); *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). It is settled that an action, like the one here, to set aside a trustee's sale for irregularities in the sale, notice, or procedure should be accompanied by an offer

1   to pay the full amount of the debt for which the property was security. *Brittain v. IndyMac Bank,*
2   *FSB*, No. C–09–2953 SC, 2009 WL 2997394, 1 (N.D. Cal. Sep.16, 2009) (citing *Arnolds Mgm't*
3   *Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984)). However, Plaintiff omits any offer from their
4   pleadings. Plaintiff makes no allegation of the ability to make such a tender or that such a tender
5   has been made. Nor does Plaintiff allege any facts showing why his case falls under a limited
6   exception to the tender rule "when it would be inequitable to [require a plaintiff to allege tender]."
7   Opp'n 7 (citing *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997)). "To state a cognizable claim,
8   Plaintiff must allege facts showing that an exception to the tender rule applies." *Adesokan v. U.S.*
9   *Bank, N.A.*, 1:11-CV-01236-LJO, 2011 WL 5241178, at *3 (E.D. Cal. Oct. 31, 2011).

For all of these reasons, Plaintiff's claim for wrongful foreclosure is DISMISSED. Because Plaintiff has already failed in two opportunities to properly plead a claim for wrongful foreclosure, the dismissal is without leave to amend. *Abagninin*, 545 F.3d at 742 (9th Cir. 2008).

### 2. Declaratory Relief

Plaintiff's allegations do not entitle him to declaratory relief. The Declaratory Judgment Act authorizes district courts to "declare the rights and other legal relations of any interested party seeking such a declaration," but only if there is an actual controversy between the parties in the court's jurisdiction. 28 U.S.C. § 2201(a). Before granting declaratory relief, the Court must first find that an actual case or controversy within its jurisdiction exists. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). Plaintiff's claim for declaratory relief is based on the allegation that Defendants' foreclosure on Plaintiff's property is invalid. *See* FAC ¶ 33. This allegation is duplicative of Plaintiff's wrongful foreclosure claim, which the Court has found lacks merit. Thus, Plaintiff has not sufficiently alleged an actual controversy that would entitle him to declaratory relief. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (dismissing declaratory judgment claim, where claim was duplicative of other invalid claims).

Plaintiff's claim for declaratory relief is therefore DISMISSED. Because Plaintiff has already failed in two opportunities to properly plead a claim for declaratory relief, the dismissal is without leave to amend. *Abagninin*, 545 F.3d at 742 (9th Cir. 2008).

### III. Conclusion

The Court finds that Plaintiff's FAC fails to state a claim that entitles him to relief. Accordingly, the Court GRANTS Defendants' motion to dismiss. For the reasons explained above, the dismissal is without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 28, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge